UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN M. WRIGHT,

       Plaintiff,

                              Case No. 13-12621

v.                                HON. GERSHWIN A. DRAIN

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION [#17], GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#15], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#11], AND DISMISSING
PLAINTIFF'S CLAIMS**

## I. INTRODUCTION

This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Lynn Wright's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits. The matter was referred to Magistrate Judge R. Steven Whalen, who issued a Report and Recommendation ("R&R") on July 17, 2014, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's findings and conclusions be affirmed. Plaintiff had fourteen days after July 17, 2014 to file Objections to the R&R, but failed to do so. For the reasons that follow, the Court ACCEPTS Magistrate Judge Whalen's R&R.

## II.    PROCEDURAL AND FACTUAL HISTORY

Plaintiff applied for disability insurance benefits on October 7, 2010.  Plaintiff alleged she suffered from Attention Deficit Hyperactivity Disorder ("ADHD") and a learning disability. The Commissioner of Social Security ("the Commissioner") denied her application.  Plaintiff requested an administrative hearing on this decision before an administrative law judge ("ALJ") with counsel.  The ALJ issued an opinion finding she was not disabled.  Plaintiff requested a review of this decision, and the Appeals Council of the Social Security Administration denied Plaintiff's request for review of the ALJ's decision on April 13, 2013, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r or Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted).  Plaintiff initiated this civil action with the Court for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on June 14, 2013.  Neither party has filed objections to the Magistrate Judge's R&R, and the time for filing objections has expired.  See 28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.*  The court must affirm the decision if it is "based on [an

appropriate] legal standard and is supported by substantial evidence in the record as a whole."
*Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987).
Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to
support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Upon review of the
administrative record, the parties' briefing, and the R&R, the Court finds the Magistrate Judge
reached the correct conclusion and substantial evidence supported the ALJ's decision.

The ALJ's made his findings based on the administrative transcript. The ALJ found
Plaintiff did have a "severe impairment of borderline intellectual functioning," however, that
condition did not meet or equal the impairments listed in 20 C.F.R. part 404, Subpart P,
Appendix 1. R&R at 10. Based on the record before him, the ALJ held that the Plaintiff could
not establish a threshold showing of a significant "sub-average general intellectual function with
deficits in adaptive functioning initially manifested … before the age of 22." *Id*. Plaintiff did
not present any evidence of testing to show the level of intellectual functioning required for her
alleged impairment. Plaintiff also alleged ankle and foot problems, but the record did not
contain objective evidence to support this claim. Plaintiff also argued that her ADHD caused
work limitations, but she testified that she cared for her children and husband as well as
volunteered at her church. The ALJ relied on the testimony of the vocational expert ("VE") for
this finding. The VE testified that Plaintiff could not conduct her past work, but could do other
work.

In her motion, Plaintiff argues the ALJ misapplied the applicable regulations and
evidence submitted after the ALJ issued his opinion supports a remand. The evidence consisted
of more of the Plaintiff's school records. The magistrate judge correctly subjected this material
to a narrow review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Plaintiff must show

the new evidence is material, and good exists for her failure to place the evidence in the record at the administrative proceeding.   42 U.S.C. § 405(g).   Material evidence is evidence that demonstrates the Secretary would have reached a different disposition of the disability claim if presented with new evidence.  *See Sizemore v. Sec'y of Health & Human Services*, 865 F.2d 709, 711 (6th Cir. 1988).  Plaintiff's reasoning for not submitting the evidence is her counsel did not receive them prior to the administrative hearing although he requested them well in advance of the hearing.  The new evidence is not material.  It still fails to make a threshold showing of disability because plaintiff was able to perform substantial gainful activity before the onset of her disability.  It would not have changed the disposition of the case.  Substantial evidence supports the ALJ's findings and the Plaintiff has failed to file any objections.  Thus, the Court adopts the findings of fact and conclusions of law in the R&R.

## IV.   CONCLUSION

Consistent with the analysis herein, the Court hereby ACCEPTS Magistrate Judge R. Steven Whalen's July, 17, 2014 R&R [#17], GRANTS Defendant Commissioner's Motion for Summary Judgment [#15], DENIES Plaintiff's Motion for Summary Judgment [#11], and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.


Dated:  August 15, 2014

S/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
August 15, 2014, by electronic and/or ordinary mail.
S/Tanya Bankston
Deputy Clerk